PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AVALON TRIBAL GOVERNMENT, *et al.*, | ) | CASE NO. 4:20-CV-340 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

Pending is *pro se* prisoner Plaintiff Anthony Cook's Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. The motion is granted and the action is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B).

## I. Background

Anthony Cook ("Cook") initiated this action on February 14, 2020, by filing a civil complaint ("Complaint") against the United States, the United States Attorney General, and the United States Attorney for the Northern District of Ohio on behalf of himself and six other inmates.[1] Cook alleges he and the other inmate are members of the "Avalon Tribal Government." ECF No. 1 at PageID #: 5.

The Complaint sets forth a number of grievances the inmates have regarding prison conditions (including inadequate medical care, overcrowding, unfair pay, and staff favoritism

---

[1] The six other inmates named in the Complaint are Joseph Kohler, Lance Kyer, Eric Bretland, Sean Hunt, David Newcomer, and Ernest Nelson. *See* ECF No. 1 at PageID #: 2.

(4:20CV340)

toward black inmates over sex offenders), as well as generalized complaints about the "Justice System" and United States "Government." Id. at PageID #: 11. In the "statement of claim," Cook states: "We have the right to give up . . . U.S. citizenship and move to a foreign country," i.e., Avalon. Id. at PageID #: 6. Cook also asserts: "We would like to be released from prison and to stay in a safe place while we wait for the results of the lawsuit. We would like to get a small cash advance on the lawsuit to live on. When the lawsuit is settled we would like to be allowed to go to our home country." Id. The Complaint sets forth nineteen demands for relief on behalf of Cook and the other inmates, including "$ 935.5 billion" in damages, to be released from prison, to have their records expunged, and to be assisted in moving to an island which would be purchased from the Malaysian government. Id. at PageID#: 19-20.

On June 2, 2020, Cook filed an Amended Complaint, identifying Warden Mark Williams and M.D. Carvajal as defendants. ECF No. 4 at PageID #: 44. In the Amended Complaint, Cook reasserts his grievances regarding prison conditions at FCI Elkton on behalf of himself and the other inmates. He also contends that various conditions at Elkton, including medical treatment afforded to inmates, amount to cruel and unusual punishment. Id. at PageID #: 49. Like the Complaint, the Amended Complaint seeks damages (in the amount of $10,935,000,000,000.00), full pardons for the inmates, "[a]s well as asylum from the United States." Id. at PageID #: 51. It is unclear whether the Amended Complaint is intended to supplement the Complaint, or to replace it.

## II. Standard of Review

2

(4:20CV340)

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III. Analysis

(4:20CV340)

Upon review, the Court finds that Cook's *pro se* action even when liberally construed must be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B).[2]

As an initial matter, Cook may represent only himself and not any other inmate in the case. Federal law permits a party to "plead and conduct their own cases personally or by counsel" in federal court. 28 U.S.C. § 1654. Plaintiffs, however, are "not permit[ted] to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Accordingly, Cook's pleadings are disregarded to the extent they pertain to, or seek relief on behalf of, any inmate other than himself.

To the extent Cook's complaints are brought on his own behalf, they are subject to summary dismissal. First, the complaints are frivolous and lack any valid basis in law to the extent Cook contends he is entitled to relief on the basis that he is citizen of a foreign "Avalon Tribal Government." *See, e.g., Profit v. City of Shaker Heights*, No. 1:19CV1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) (finding plaintiff's claims, resting upon his assertions that he was not subject to the laws and jurisdiction of Ohio because of his membership in the Washitaw Nation and international laws and treaties, frivolous and subject to summary dismissal). Second, Cook has not alleged a plausible claim to the extent he seeks release from his physical confinement, or relief from his federal conviction or sentence. When a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

---

[2] In this regard, the Court will consider his complaint to consist of both his original and second complaint.

(4:20CV340)

imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added). Third, Cook's pleadings fail to allege a plausible federal civil rights claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized a limited private right of action for money damages against individual federal government officials who have violated a citizen's constitutional rights under color of law. The United States and its agencies cannot be liable under *Bivens*. *See Ctr. for Bio Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (finding *Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (finding *Bivens* claims cannot be asserted against federal agencies). Although *Bivens* validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). Thus, in order to recover against an individual federal official under *Bivens*, Cook "must allege that the [defendant was] personally involved in [an] alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). *See also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . .") (citations omitted).

Cook has not alleged facts sufficient to suggest that any of the individual federal defendants he identifies in his pleadings was personally involved in a violation of his rights. Furthermore, he has failed to allege a plausible claim of cruel and unusual punishment under the

(4:20CV340)

Eighth Amendment because he has not alleged facts sufficient to demonstrate that any defendant was "deliberately indifferent" to his medical needs, or to any other prison condition posing a substantial risk of serious harm to him. See *Farmer v. Brennan*, 511 U.S. 825, 825 26 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (prisoners claiming that conditions of confinement constituted cruel and unusual punishment are required to show "subjective" deliberate indifference on part of prison officials).

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |